# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 16-0014-WS |
| ) | |
| DONALD REGINALD MARION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The Court previously entered an order, pursuant to 18 U.S.C. § 4241(d) and *Sell v. United States*, 539 U.S. 166 (2003), granting the government's motion for involuntary medication. (Docs. 36, 39). The time set forth in that order having expired, and Butner having filed a supplemental report indicating the defendant has not been restored to competency, (Doc. 42), the government has filed a motion under Section 4241(d)(2)(A) for continued hospitalization and treatment. (Doc. 46). The defendant opposes the motion on the grounds his continued confinement violates *Sell*. (Doc. 45).

The Court has reviewed the government's motion, the defendant's opposition, and both the supplemental Butner report and the previous report dated April 5, 2017 ("the second Butner report"), as well as the hearing conducted April 28, 2017. The Court finds that the requirements of Section 4241(d)(2)(A) are satisfied. The Court further finds, for reasons explained in previous orders, that the defendant's confinement does not violate *Sell*.

Accordingly, the government's motion for continued hospitalization and treatment is **granted**. The defendant is to remain committed to the custody of the Attorney General for a reasonable time, not exceeding four months from the date of this order, for treatment in accordance with the second Butner report and the supplemental Butner report. If, at the conclusion of a reasonable period of time not exceeding four months from the date of this order, the defendant's mental condition has not so improved that the trial may proceed, the Court will entertain a motion filed pursuant to § 4241(d)(2)(A) or

(B).[1]  However, should it be determined that the defendant's mental condition is so improved that the trial may proceed, the Court will follow the procedures outlined in § 4241(e).

Because the issue of insanity at the time of the offense is still before the Court, it is necessary that an evaluation be conducted by the Bureau of Prisons for a determination of the defendant's insanity at the time of the offense pursuant to § 4242.  Therefore, while the defendant is undergoing treatment and evaluation pursuant to § 4241(d), and should the defendant be restored to competency, it is **ordered** that the defendant also be evaluated and examined for the existence of insanity at the time of the offense pursuant to § 4242, and that the defendant be examined as promptly as possible, but not to exceed 45 days, and that such examination be made by at least one qualified psychiatrist or psychologist under the provisions of §§ 4242 and 4247 for such determination.  The government is **ordered** to forward to Butner the summary letter described by previous Court order.  (Doc. 23).

Within fifteen days of the last date of examination, the examining psychiatrist or psychologist shall submit a written report to this Court comporting with § 4247(c), containing his or her findings as to the sanity or insanity of the defendant at the time of the offense in accordance with this order.  Copies of the report shall be provided to counsel for the Defendant and to the attorney for the government.

The United States Marshal is **ordered** to notify the Clerk of Court **immediately** upon the defendant's return to the Southern District of Alabama.

DONE and ORDERED this 10th day of October, 2017.

                                                                                  s/ WILLIAM H. STEELE
                                                                                   UNITED STATES DISTRICT JUDGE

---

[1] Should the government proceed under Section 4241(d)(2)(A), the Court will require a strong showing of a substantial probability that the defendant will be restored to competency with the additional period requested.